# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JOHNNY JOE DESILVA, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  4:16-cv-4134 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. 8) filed by Johnny Joe DeSilva, Jr. (the "Petitioner").[1] The motion has been fully briefed and is ready for disposition. For the reasons discussed below, the motion is DENIED. Petitioner will be granted a certificate of appealability.

## BACKGROUND

On October 25, 2005, Petitioner was convicted by a jury of several criminal offenses. Specifically, he was convicted of 1) conspiring to distribute a controlled substance in violation of 21 U.S.C. § 841 and 846; 2) attempted assault with a dangerous weapon as an act of violent crime in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6); 3) using and carrying a firearm during and in relation to a crime

---

[1] Mr. DeSilva, Jr. has also filed a *pro se* Motion For Modification Of Sentence Pursuant To 18 U.C.S. § 3582(c)(2) in his underlying criminal case for which he was appointed counsel.  The disposition of the instant motion in this civil action has no effect on the modification of sentence motion pending in the criminal action.

1

of violence in violation of 18 U.S.C. § 924(c)(1)(A); 4) interstate communication of a threat to kidnap in violation of 18 U.S.C. § 875(b); and interstate communication of a threat to injure also in violation of 18 U.S.C. § 875(b). He was sentenced to thirty years for conspiring to distribute a controlled substance in violation of 21 U.S.C. § 841 and several lesser concurrent terms of imprisonment for the other offenses except the violation of 18 U.S.C. § 924(c)(1)(A), for which he was sentenced to a consecutive term of ten years imprisonment. This means once his thirty year term of imprisonment ends he will still have to serve out the ten year term for the use of a gun conviction. Petitioner was about twenty years old at the time of his conviction, which means he will be nearly sixty when he was finished serving out his sentences. Obviously then, Petitioner has a very limited prospect at a meaningful future beyond incarceration. This motion represents one way in which he might be able to salvage some meaningful time outside of prison by avoiding altogether or otherwise reducing the consecutive ten year term of imprisonment.

## LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an

opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)). Generally, a 2255 motion must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court... denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). However, sub-paragraph (f)(3) provides that a 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

## DISCUSSION

**I.    The Petitioner Has Definitively Satisfied The Requirements of Sections 2244(b)(4) And 2255(h)(2).**

The Seventh Circuit has already ruled Petitioner made a *prima facie* showing that his successive § 2255 motion contains a claim based upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable. *DeSilva v. United States*, No. 16-2448, Ord.

(7th Cir. July 12, 2016). Federal habeas law allows a convicted prisoner to bring a successive attempt at habeas relief when such a prisoner's claim is based upon either a new rule of constitutional law or newly discovered evidence. 28 U.S.C. §§ 2244(b)(4), 2255(h)(2). In this case, the Seventh Circuit literally wrote that Petitioner made "a prima facie showing that his § 924(c) conviction may be incompatible with *Johnson* because inchoate offenses, like attempted battery in aid of racketeering, may have qualified as a crime of violence under the residual clause in § 924(c)(3)(B)." *Id*. Based upon that language and a review of the Petitioner's submissions, this Court confirms that Petitioner's claim is predicated upon a new rule of constitutional law rather than one predicated upon new evidence.

    Nevertheless, this Court must still determine whether Petitioner's motion satisfies the requirements of filing a second or successive § 2255 motion <u>before reaching the merits of the motion</u>. *Bennett v. United States*, 119 F.3d 468, 469 citing 28 U.S.C. § 2244(b)(4) (holding that § 2255 incorporates § 2244(b)(4) as part of the certification procedures of § 2244 and instructing that "the district court <u>must</u> dismiss the motion that we have allowed the applicant to file, <u>without reaching the merits of the motion</u>, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." (emphasis added)). Although *Bennett* dealt with a § 2244 application based upon new evidence, the court did not purport to limit the district court's second-level gate-keeping responsibility to claims predicated on newly discovered evidence only nor does the statute itself limit the district court's obligation in such regard. The Court interprets *Bennett*'s holding to mean that it is obligated to

review the petitioner's basis for bringing his successive application for habeas relief beyond the appellate court's *prima facie* inquiry but before actually delving into the merits of the petitioner's claims.

In *Price v. United States*, 795 F.3d 731, 735 (7th Cir. 2015), the Seventh Circuit held as it had in *Bennett* that the district court is tasked with further examining a petitioner's claim under § 2244(b)(4). However, the court seemed to imply that the district court's review under § 2244(b)(4) unfolds as the district court analyzes the merits of the claim. *Id*. at 735. The court wrote that "[t]he district court will have the opportunity to examine the claim in more detail as the case proceeds,"… the district "judge is likely to be familiar with the case (or to become familiar easily) because § 2255 motions must be filed in the applicant's sentencing court, which has access to the criminal record and familiarity with the case." *Id*. The Court explained further that the courts' of appeal 2244(b)(3)(A) conclusions are tentative because of strict time constraints and typical lack of access to information informing them of important considerations such as whether a petitioner has other qualifying convictions that were not considered at sentencing. *Id*.

In *United States v. Villa-Gonzalez*, the Ninth Circuit agreed with *Bennett* and observed that as far as the district court's § 2244(b)(4) analysis, the statute does not explain the nature of what the petitioner must show beyond what he showed to secure the appellate court's authorization, but it must be something more than another *prima facie* showing, otherwise the district court would "be faced with reviewing and possibly overturning [the appellate court's] unappealable grant of permission to file

5

a second motion on the same showing by the petitioner under the exact same standard." 208 F.3d 1160, 1164 (9th Cir. 2000). In *Ochoa v. Simmons*, the Tenth Circuit explained that "the conditions in § 2244(b)(2)(A). . . look solely to temporal issues relating to the availability of the constitutional authority invoked, not to any assessment of the petitioner's case." 485 F.3d 538, 542 (10th Cir. 2007). The court went on to caution that applying a standard akin to merits review in the evaluation of claims under § 2244(b)(2)(A) could lead to error. *Id.* at 542, n.4. This is so because first, a district court is not supposed to reach the merits of the claim when performing its gate-keeping function under § 2244(b)(4) and second, the nature of these types of claims is not susceptible to a factual initial review type of inquiry. A claim brought under § 2244(b)(2)(B) requires the district court to ensure the factual predicate for the petitioner's claim could not have been discovered previously through the exercise of due diligence; and whether the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. Claims under § 2244(b)(2)(A) do not entail factual evidence and thus do not require inquiry into whether such facts were previously available to the petitioner or whether such facts are sufficient in light of other circumstances. In short, this Court is satisfied with the *Ochoa* court's articulation of district courts' obligation under § 2244(b)(4) when the petitioner's claim is predicated on $2244(b)(2)(A) and will utilize it here.

6

Having concluded that this Court need only determine whether Petitioner's claim is indeed premised on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, the Court is satisfied that Petitioner's instant successive § 2255 motion is properly authorized and should not be dismissed pursuant to § 2244(b)(4).

Section 2255(h)(2) requires a successive § 2255 motion to present claims based upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Petitioner's claim in the instant motion is that his conviction for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) cannot stand due to the holdings of Supreme Court cases *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness, and *Welch v. United States*, 2016 U.S. LEXIS 2451 (U.S. Apr. 18, 2016), which held that *Johnson* applies retroactively to cases on collateral review. That claim clearly superficially satisfies the requirements of § 2255(h)(2) and § 2244(b)(4). *Johnson* announced a new rule of constitutional law and *Welch* explicitly made it retroactive to cases on collateral review. *Johnson*'s rule was not announced until June 2015 and thus was previously unavailable to Petitioner for use in his initial § 2255 motion filed several years ago.

The Government argued in its response brief to Petitioner's § 2244 application to the Court of Appeals that *Johnson* had no effect on the reading of the residual clause of 18 U.S.C. § 924(c)(3) and even if it did, Petitioner's qualifying "crime of

violence" fit into the use-of-force definition of that term found in § 924(c)(3)(A); thus not even coming within the scope of *Johnson* as that case only applies to the residual clause of § 924(e). Neither the Supreme Court nor the Seventh Circuit have held § 924(c)(3)(B) void for vagueness. However, the latter court has held the "residual clause" of 18 U.S.C. § 16(b), which has virtually identical language to 18 U.S.C. § 924(c)(3)(B), unconstitutionally vague on direct review as well as the pre-August 1, 2016 amended "residual clause" of the United States Sentencing Guidelines § 4B1.2(a)(2), which again has very similar language to the clause at issue in this case. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) and *United States v. Hurlburt*, No. 14-3611, 2016 WL 4506717, at *7 (7th Cir. Aug. 29, 2016), respectively. In any event, there is clearly enough of a legal argument present that this Court cannot summarily dismiss Petitioner's § 2255 motion pursuant to § 2244(b)(4).

## II. Petitioner's VICAR Offense Qualifies As A Crime Of Violence Under 18 U.S.C. § 924(c)(A)(3).

Petitioner was convicted of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The "crime of violence" for purposes of 924(c), was Petitioner's commission of a "violent crime" in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(6). That "violent crime" was an attempted aggravated battery with a dangerous weapon[2] under Illinois state law.

---

[2] The Court is unsure of why the underlying "violent crime" Petitioner was alleged to have committed under 18 U.S.C. § 1959(a) was the Illinois offense of attempted aggravated battery with a dangerous weapon. It seems to the Court (with the obvious assistance of twenty-twenty hindsight) that he should have been alleged to have committed aggravated assault under Illinois law. In Illinois, a person commits the

8

After reviewing the presentence investigation report and the Court's statement of reasons for imposing sentence, the Court is unable to determine whether Petitioner's "crime of violence" was understood by the Court to fall under the element of force clause or the residual clause of 18 U.S.C. § 924(c)(3). That ambiguity is what led the Seventh Circuit to write that Petitioner's "§ 924(c) conviction may be incompatible with *Johnson* because inchoate offenses, like attempted battery in aid of racketeering, *may have qualified* as a crime of violence under the residual clause in § 924(c)(3)(B)." (emphasis added). The term "may" expresses possibility. Because the Court is unsure of which clause Petitioner's crime of violence was categorized under, it must now analyze both clauses. Since the continued vitality of the element of force clause, § 924(c)(3)(A), is not in question, the Court will discuss it first.

A "crime of violence" is defined to be an offense that is a felony and has the use, attempted use, or threatened use of physical force against the person or property of another as an element of the offense. § 924(c)(3)(A). "When defining 'crime of violence' under § 924(c)(3) ... courts consistently look to the acts that constituted the crime of conviction and not to the underlying conduct." *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997) citing *Taylor v. United States*, 495 U.S. 575 (1990). The term "acts that

---

offense of aggravated assault when he engages in conduct that places a person in reasonable apprehension of receiving bodily harm and in so doing, uses a deadly weapon. 720 ILCS 5/12-2 (West 1992). In turn, Petitioner would have been clearly accountable for the actions of his criminal acolyte under Illinois laws of accountability. *See e.g.*, 720 ILCS §§ 5/5-2(c), 5/5-3 (West 1992). Charging Petitioner in this fashion would have eliminated the whole superfluous level of attempt that clouds Petitioner's conviction and fit rather nicely with the explicit language of 18 U.S.C. § 1959(a), which criminalizes "assaults with a dangerous weapon" by its explicit text.

constituted the crime of conviction" means the elements of the crime. In turn, "[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (U.S. 2016) citing Black's Law Dictionary 634 (10th ed. 2014).

Petitioner's underlying "crime of violence" was attempted assault with a dangerous weapon as an act of violent crime in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6)—a VICAR offense. Petitioner argues that his conviction for that VICAR offense rested upon only two elements: intent to commit the offense and taking a substantial step towards the offense. He points to instructions that were given to Petitioner's jury to demonstrate that this is so. *United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78 at 17-18, 33-34. However, Petitioner ignores the instructions that actually laid out what the jury had to find to sustain the charges in Count II, the offense of attempted assault with a dangerous weapon as an act of violent crime in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6). *United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78 at 28. These were the instructions that laid out the elements that the jury had to find in order to find Petitioner guilty of the VICAR offense. The instruction for Count Two was as follows:

> To sustain the charge of attempted assault with a dangerous weapon as an act of violent crime in aid of a racketeering enterprise, as charged in Count Two, the government must prove the following propositions:
>
> First, that the enterprise charged in the indictment existed;
>
> Second, that the enterprise, through its members and associates, was engaged in racketeering activity;

> Third, that the enterprise was engaged in, or its activities affected, interstate commerce;
>
> Fourth, **that the defendant committed (or commanded, induced, or procured, the commission of) an assault with a dangerous weapon in violation of a state statute, which, in this case, means the Illinois offense of an attempted aggravated battery with a firearm, as defined below**; and
>
> Fifth, that the defendant committed (or commanded, induced, or procured the commission of) the assault with a dangerous weapon for the purpose of maintaining or increasing his position in the enterprise.
>
> If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of the offense in Count Two.

*United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78 at 28 (emphasis added).

Petitioner argues that the offense for which he was convicted under 18 U.S.C. § 1959(a)(6) does not have as an element the use, attempted use, or threatened use of physical force against another. He identifies the several elements of the VICAR offense listed above, and notes that none of them include an element of force. He then points out that in order to find one guilty of a generic attempt offense, a jury need only find two things: first, that the defendant intended to commit the offense and second, that the defendant took a substantial step towards the completion of the offense. He argues that those two findings do not include the element of force either, and thus, an attempted crime of violence cannot serve as a predicate "crime of violence" in satisfaction of 924(c)(3)(A).

Petitioner also points out that factual impossibility is not a defense to an attempt crime in either federal or Illinois law. The point being that the "substantial step" one takes in furtherance of one's intention to commit an ultimate offense of

violence need not actually entail the use of, attempted use of, or threatened use of force. "A substantial step is some overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission of the particular crime.... Generally, a defendant takes a substantial step when his actions make it reasonably clear that had the defendant not been interrupted or made a mistake he would have completed the crime." *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013) (internal quotation marks and citations omitted). Petitioner argues further that the phrase "attempted use" in § 924(c)(3)(A) encompasses only those specific substantive offenses for which the attempted use of force is an element such as assault; not to an inchoate offense of general attempt which, even when predicated on crimes that entail the use of force, only has as an element the *intent* to use force. In Petitioner's view, the statute explains that the offense has to explicitly have one of three elements: 1) the actual use of physical force, 2) the attempted use of physical force, or 3) the threatened use of physical force to qualify as a "crime of violence". 18 U.S.C. § 924(c)(3)(A). The *intended* use of force is not included as an element of the statute as it is written.

> Judge Hamilton of the Seventh Circuit opined that
>
> As a matter of statutory interpretation, an attempt to commit a crime should be treated as an attempt to carry out acts that satisfy each element of the completed crime. That's what is required, after all, to prove an attempt offense. If the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime necessarily includes an attempt to use or to threaten use of physical force against the person or property of another.

*Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016) cited in the Order authorizing the instant Petitioner's § 2244 application. *See DeSilva v. United States*, No. 16-2448, Order (7th Cir. July 12, 2016). Petitioner, in retort, doubles down on his point that the law provides that there are only two explicit elements to attempt offenses—no matter what the actual underlying offense at issue is—intent to commit a crime and a substantial step towards commission of the crime.

The Court thinks the Petitioner has a reasonable argument but is overstating Judge Hamilton's point. It is not that he is attempting to create a third element to an inchoate attempt offense, rather the point seems to be that implicit in any attempt offense is for the actor to have attempted to carry out all the elements of the underlying offense. After all, that is why model jury instructions for 1959(a) offenses such as the Ninth Circuit's and Fifth Circuit's, require courts to give specific instructions on <u>all</u> the elements of the predicate VICAR underlying crime of violence. Model Crim. Jury Instr. 9th Cir. 8.151 (2010); Pattern Crim. Jury Instr. 5th Cir. 2.78 (2015). Indeed, the instructions given in this case included the elements of attempt and the elements of aggravated battery with a firearm under Illinois law. *United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78 at 33-4.

Upon first blush, there appear to be more reasons to reject the Government's argument and Judge Hamilton's opinion than there are to reject Petitioner's. The law is clear that one need not attempt every element of an underlying offense to have been found guilty of attempting such offense. Rather, one need only intend to complete the offense and take some substantial step towards completing that

intention to be found guilty of attempting such an offense. No jury instructions even require the jurors to agree on or identify the substantial step taken. So there does not appear to be a principled reason to merely assume that a "criminal has, by definition, attempted to use or threaten physical force because he has attempted to commit a crime that would be violent if completed" other than intuitive logic. But the law is sometimes illogical. *See Mathis*, 136 S. Ct. 2243.  In *Mathis*, a burglar unquestionably committed a generic burglary, yet the ACCA enhancement under § 924(e) did not apply because the statute the burglar was convicted under had broader elements than the generic burglary statute to which the ACCA applied. *Id.* at 2250. That was illogical, yet that was the result the Supreme Court held was compelled by the law.

One need not apply *Mathis* to this case because here one need only determine if the underlying criminal offense has *an* element of the use of force, the attempted use of force, or the threatened use of force; not apply the categorical approach to match up *all* the elements of competing statutes.[3] But if *Mathis* has any application here, it would be that in its quest to determine whether a criminal offense contains an element of the use of force, the attempted use of force, or the threatened use of

---

[3] As noted by an Indiana district court, "[i]t is not altogether clear, [that the categorical] approach has been endorsed by the Seventh Circuit for assessing whether a predicate charge constitutes a crime of violence under § 924(c). *United States v. Wheeler*, No. 15-CR-216, 2016 WL 783412, at *2 (E.D. Wis. Jan. 6, 2016), *report and recommendation adopted*, No. 15-CR-216-PP, 2016 WL 799250 (E.D. Wis. Feb. 29, 2016). It seems to this Court that a straightforward reading on § 924(c)(3)(A) yields an understanding that if the offense has <u>an</u> element of physical force it will suffice as a "crime of violence, while § 924(c)(3)(B) is intended to cover offenses that "categorically" deal with force as evidenced by the language "by its nature, involves" and would therefore require all the elements of the underlying offense to categorically align with the ACCA.

force, the court should not bother with the particular facts of the case or the real life consequences of the application of § 924(c)(3)(A). Thus, that factual impossibility is not a defense to an attempt crime in either federal or Illinois law means little in this Court's opinion. In other words, whether or not the substantial step taken towards completion of the crime was actually a violent manifestation of force or attempted force should not color the analysis of whether the underlying offense has as an element the use of force, attempted force, or threatened force.

Petitioner's argument is appealing because force was not mentioned anywhere in the instruction concerning what Petitioner's jury had to find to sustain the charge attempted assault with a dangerous weapon as an act of violent crime in aid of a racketeering enterprise. *United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78 at 28. However, arriving at a conclusion under § 924(c) is like watching the film *Inception* and involves parsing through layers upon layers of meaning. Here, the jury had to find Petitioner guilty of a "crime of violence" as defined in § 924(c). To do so, the jury had to find Petitioner guilty of "attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury" as provided in 18 U.S.C. § 1959(a)(6). To do so, the jury had to find Petitioner guilty of attempting to violate a specific offense, which in this case was 720 ILCS § 5/12-3.05(e)(1). 720 ILCS § 5/12-3.05(e)(1) explicitly prohibits <u>the discharge of a firearm</u> to effectuate a battery. Battery is defined in 720 ILCS § 5/12-3 as suffering bodily harm or physical contact without legal justification on the part of the batterer. At the end of the day then, the jury <u>had to find that a firearm was discharged</u> in order

15

to cause bodily harm or physical contact and that Petitioner was responsible for such discharge. Clearly, the discharge of a bullet is a violent physical force capable of creating bodily harm. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (discussing the statutory definition of "violent felony" and the phrase "physical force" in 18 U.S.C. § 16). If we take the definition of "element" at face value, then yes, ultimately the jury had to have found that Petitioner was responsible for the attempted use of harmful physical force and that fits the definition of a "crime of violence" under § 924(c)(3)(A). Petitioner's jury received, in serialized fashion, all of the instructions for the layers upon layers of conduct constituting the crimes he was charged with committing. *United States v. DeSilva*, No. 04-cr-40080-1 (C.D. Ill.) Doc. 78. In other words, clearly the Illinois offense of aggravated battery with a firearm has an element of the use of force—discharging a firearm—and attempting to commit that crime by definition—not assumption—means that a firearm was discharged, thereby using physical force and satisfying the definition of a "crime of violence" provided by 924(c)(3)(A).

So, it seems to this Court that the Petitioner may be correct that that adopting Judge Hamilton's logic may have the effect of inserting "the intended use of force" as an element that will satisfy the clause. But this is not a perverse rewrite of the statute; this meaning was always there. By allowing the Government to charge the 924(c) offense by perpetually folding into the term "crime of violence" crimes of other statutes, this layered upon layered amalgam of implicit elements is the natural outcome. This is undoubtedly what the Government meant when it argued "there is

16

no requirement that a crime explicitly include as an element the use, attempted use, or threatened use of physical force against the person of another for it to be considered a 'crime of violence' under the elements clause" despite the statute on its face calls for the "crime of violence" to have as an element the use, attempted use, or threatened use of force. (Doc. 9 at 28).

For the foregoing reasons, the Court finds that Petitioner's crime of attempted Illinois aggravated battery with a firearm as the VICAR violent felony fits into the category of crimes of violence provided by 18 U.S.C. § 924(c)(3)(A). The Court has resolved the motion *sub judice* by finding that regardless of the residual clause's vitality, Petitioner's VICAR violent felony fits into the category of crimes of violence provided by 18 U.S.C. § 924(c)(3)(A). Therefore, it would not be prudent for the Court to opine further as to whether 18 U.S.C. § 924(c)(3)(B) survives *Johnson*.

### III.    Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one in his pleading.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate

of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that reasonable jurists could differ with the Court's treatment of Petitioner's 2255 motion. The question of whether Petitioner's VICAR offense of an attempted aggravated battery with a firearm offense could suffice as a "crime of violence" under § 924(c)(3)(A) was a very close call. Other jurists may opine that the elements of the underlying state criminal offense cannot be deemed subsumed within the elements of the federal VICAR offense for purposes of analyzing whether the element of use of force, attempted force or threatened force was present in the VICAR offense. Therefore, the Court certifies the issues discussed within this Opinion and Order for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. 8) is DENIED. The Court certifies the issues discussed within this Opinion and Order for appeal pursuant to 28 U.S.C. § 2253(c)(2). CASE TERMINATED.

Entered this <u>2nd</u> day of November, 2016.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge